LAKE CITY CORPORATION, Plaintiff-Appellee, *v.* MICHIGAN AVENUE NATIONAL BANK OF CHICAGO *et al.,* Defendants.—(NATIONAL REPUBLIC BANK OF CHICAGO, Defendant and Counterclaimant-Appellant.)

(No. 61050;

First District (3rd Division)—October 16, 1975.

Wexler, Wexler and Heller, Ltd., of Chicago, for appellant.

Maurice J. McCarthy and Anne C. O'Laughlin, both of Chicago, for appellee Michigan Avenue National Bank of Chicago.

Samuel Morgan, of Chicago, for appellee Lake City Corp.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Lake City Corporation, filed suit in the circuit court of Cook County to recover certain real estate. The land had formerly been held in a land trust of which defendant Michigan Avenue National Bank of Chicago was the trustee. Defendant, National Republic Bank of Chicago, the owner of the property, filed a cross-complaint against defendant Michigan Avenue seeking the market value of the property plus the trustee's fees, real estate taxes and attorneys fees expended on the property. After a bench trial, the court ordered Republic to reconvey the real estate to Michigan as trustee with the beneficial interest exclusively in plaintiff, and in return, plaintiff was to pay Republic the real estate taxes and trustee's fees expended. Attorneys fees were not awarded. Republic appeals from the trial court's order, raising the issues of whether the trial court erred by acting in the matter, and whether the court erred by not entering a judgment on the cross-complaint for the value of the beneficial interest.

We affirm.

The record reveals the following pertinent facts. In 1967, Lee J. Snitoff assigned his beneficial interest in a land trust to the Lake City Corporation as collateral in a secured transaction. Snitoff defaulted, and on June 30, 1970, the circuit court of Cook County entered an order which adjudged Lake City to be the owner of the beneficial interest of the land trust in question, Michigan Avenue National Bank of Chicago Land Trust No. 1274. Michigan Avenue, the trustee, was notified of the change of ownership, and adjusted its records accordingly.

Two years later, on September 27, 1972, National Republic Bank obtained a judgment against Lee J. Snitoff in the circuit court of Cook County, and initiated supplementary proceedings. Michigan Avenue National Bank was served with a summons to appear at a hearing on a citation to discover Snitoff's assets. An officer from Michigan Avenue's trust department appeared at the hearing with the bank's records relating to Snitoff's land trusts, and particularly trust no. 1274. Republic did not know about trust 1274 until the trust officer disclosed its existence, and the officer did not inform either Republic or the trial court that Snitoff's interest had already been assigned to Lake City. Acting under the belief that Snitoff, the judgment debtor, owned a beneficial interest in trust 1274, but not having personally examined the trust file which reflected the assignment, Republic's counsel obtained an order from the trial court which directed Michigan Avenue to "convey instanter by assignment the interest of the defendant Lee J. Snitoff, in and to said trusts to the Sheriff of Cook County," to be sold by the sheriff at a public sale. Michigan Avenue then conveyed to the sheriff a 70% beneficial interest in trust 1274, "per Order of Circuit Court of Cook County, Illinois Case

No. 72L12789, dated October 27, 1972." Michigan Avenue executed an affidavit contemporaneously with the assignment which stated that Michigan Avenue had made no previous assignments of the beneficial interest. The sheriff of Cook County sold the assigned beneficial interest in trust 1274 and three other land trusts at a public sale to Republic, which was the highest bidder. Republic bid $40,000 for the interests in the land trusts, paid from a portion of its judgment against Snitoff. On November 17, 1972, the trial court confirmed the sale of Snitoff's interest in the land trusts. On February 20, 1973, Michigan Avenue conveyed its legal interest in the real estate it held in trust 1274 to a nominee of Republic, at Republic's direction. Shortly thereafter, Republic's nominee conveyed the real estate to Chicago Title & Trust Company as trustee for the National Republic Bank of Chicago.

On May 2, 1973, Lake City filed suit, asking for the return of its real estate from defendant banks. Republic filed a cross-complaint against Michigan Avenue upon the theory that if Republic were compelled to return the property, Michigan Avenue should be liable for the market value of the property because Michigan Avenue acted negligently in allowing the sale to proceed while it knew that Snitoff, the judgment debtor, did not own the property which was sold. Republic also claimed from Michigan Avenue its legal costs in the matter plus the real estate taxes and trustee's fees paid incidental to its ownership of the beneficial interest. After hearing the evidence and listening to arguments of counsel, the trial court returned the parties to their respective positions before the sale, with the exception that none of the parties could recover its legal fees. Lake City received the land and Republic received from Lake City an amount equal to the taxes and trustee's fees it paid on the property. Republic appeals.

■■ As we view the facts of this case, Republic purchased Snitoff's interest in trust 1274. Under the law, a purchaser at a judicial sale is subject to the rule of *caveat emptor;* the court does not warrant the title to the property sold. (*Checkley & Company, Inc. v. Citizens National Bank of Decatur* (1969), 43 Ill.2d 347.) Since Snitoff owned no beneficial interest in trust 1274 at the time of the sale, it follows that Republic received only that title which Snitoff owned. In other words, Republic purchased a worthless interest since Lake City owned what was once Snitoff's interest. Since Snitoff was a judgment debtor before the court, the circuit court had jurisdiction to sell Snitoff's property at a judicial sale so that the sale of Snitoff's worthless interest in trust 1274 was proper, albeit useless.

The legal problem arose when Michigan Avenue conveyed the res of trust 1274 to Republic's nominee on February 20, 1973. Michigan

Avenue was holding the real estate as trustee for Lake City, the acknowledged assignee of Snitoff's beneficial interest. According to the terms of the trust agreement which was introduced into evidence, Michigan Avenue agreed to "deal with said real estate only when authorized to do so in writing" by the beneficiary of the trust. On February 20, 1973, Republic was not a beneficiary of the trust; the beneficiary was Lake City. Michigan Avenue improperly conveyed the realty to Republic's nominee without Lake City's consent.

Lake City's complaint in chancery prayed for a mandatory injunction directing defendants to return the real estate in question, for a money judgment for reasonable attorneys fees and costs against defendants for their wrongful acts, and for any other just and proper relief. The trial court granted the injunctive relief sought. The applicable rule is well stated at 35 Ill. L. & Pr. *Trusts* § 225 (1958):

> "As a general rule, as long as superior rights of innocent third persons have not intervened and the property can be traced and identified, a cestui que trust may, in chancery, follow and recover, or impress a trust on, trust funds or property which have been diverted, regardless of the form into which they have been converted or into whose hands they have come."

Such is the rule followed by this court in *In re Estate of Joseph* (1961), 30 Ill.App.2d 492, 495. The trustee, Michigan Avenue, conveyed the trust res to Republic's nominee at Republic's request without the beneficiary's consent. The trust res was easily traced to another land trust of which Republic held the beneficial interest. The question therefore is whether Republic was a bona fide purchaser. If Republic were a bona fide purchaser, Lake City could not recover its property because "[t]rust property cannot be followed and impressed with the trust as against one who occupies the position of a bona fide purchaser for value without notice of the trust." 35 Ill. L. & Pr. *Trusts* § 226 (1958).

■■ The three requirements for one claiming to be a bona fide purchaser are that he purchase the property (a) for value, (b) in good faith, and (c) without notice of the trust. (*Pool v. Rutherford* (1949), 336 Ill.App. 516, 523; 76 Am. Jur. 2d *Trusts* § 269 (1975).) Republic argues that it gave value for the property because its judgment was reduced by the amount of its bid. We need not seriously consider the elements of value and good faith because the record indicates that Republic had notice of Lake City's beneficial interest in the trust property. Republic's counsel testified at trial that he spoke with Lake City's counsel about one week after the sale, which was before confirmation of the sale and three months before Michigan's conveyance of the legal title to Republic's nominee. During the conversation, Lake City counsel

told Republic's counsel that Lake City owned the beneficial interest in trust 1274 because of the prior assignment and the order of the circuit court which declared Lake City to be the owner of the beneficial interest. Since Republic had actual notice of Lake City's beneficial interest and the surrounding facts at the time it received the legal title to the property from Michigan Avenue under color of receiving what purported to be Snitoff's property, we hold that Republic was not entitled to claim the rights of a bona fide purchaser as against Lake City. Accordingly, Lake City was entitled to recover its property and the trial court properly ordered Republic to return the property to Lake City. Republic should not be heard to complain of that portion of the court's order which directed Lake City to reimburse it for its expenses of real estate taxes and trustee's fees paid on behalf of the trust property.

■■ Republic argues that it had a right to recover the market value of the land from Michigan Avenue because Michigan Avenue, with knowledge of Lake City's beneficial interest in the trust, negligently allowed Republic to proceed with the sale of Snitoff's interest. Although Michigan Avenue may have unintentionally misrepresented Snitoff's interest in trust 1274 at the citation hearing, Republic admitted that it had notice of Lake City's beneficial interest before the judicial sale was confirmed by the court. At that time, Republic knew or should have reasonably known that Snitoff may not have had any interest in trust 1274 and that Michigan Avenue had misrepresented that fact. Yet, Republic proceeded to confirmation of the sale and further actions in the face of its notice of Snitoff's prior assignment to Lake City. We hold that by so acting, Republic waived any action it may have had against Michigan Avenue resulting from the transaction at bar. *Eisenberg v. Goldstein* (1963), 29 Ill.2d 617, 622, *cert. denied,* 377 U.S. 964.

It is appropriate to note that although Lake City brought its action against defendants for attorneys fees and costs, the trial court's order denies all attorneys fees and costs. Since Lake City has not filed a cross-appeal, we need not discuss the matter further.

For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.