THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES T. JOHNSON, Defendant-Appellant.

First District (1st Division)   No. 62337

Opinion filed January 3, 1977.—Rehearing denied February 1, 1977.

James Geis and Richard Geddes, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Paul Benjamin Linton, and Edward H. Phillips, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

The facts of this case are not significantly in dispute. At about 6:40 a.m. on the morning of September 20, 1972, Idell Snowden and her husband William were standing on the corner of Wood and Washington Streets in Chicago, when they were approached by two men, the defendant and one Rickey Warren. Earlier that day Warren and the defendant had discussed pulling a "stick-up."

Concealing with a newspaper the gun he held in his hand, Warren announced to the Snowdens "This is a stick-up, and don't you holler." Mrs. Snowden screamed and Warren shot her husband in the chest, mortally wounding him. Falling to the ground, Mr. Snowden pulled his own gun and shot Warren. At this point, the assailants fled the scene.

Later that same day the defendant and Warren were apprehended by Chicago police officers. Mrs. Snowden identified the two men in a lineup and in a photographic showup, and identified the body of her husband at the morgue. A Mr. Hale also identified the defendant as one of two men he had seen running from the area of Wood and Washington Streets at the time in issue.

The defendant's case was severed from that of Ricky Warren, and proceeded to trial on November 6, 1974. The jury returned verdicts of guilty as charged on one count of murder and two counts of attempt armed robbery. Judgments of conviction were entered on all three verdicts, and the defendant was sentenced to a term of imprisonment of from 15 to 25 years for the murder. No sentence was imposed on either of the attempt armed robbery convictions.

■■ Defendant contends that his two attempt armed robbery convictions should be reversed because they arose out of the same act or conduct as his murder conviction. In seeking to apply this often stated rule of law to the facts of his case, he relies principally on *People v. Cole* (1975), 26 Ill. App. 3d 913, 326 N.E.2d 68. Notwithstanding the factual similarity of *Cole* to the present case, we find that the more recent case of *People v. Williams* (1975), 60 Ill. 2d 1, 13-15, 322 N.E.2d 819, mandates a contrary result. In *Williams*, the defendants were convicted of burglary, armed robbery, and murder. In reversing the burglary conviction but upholding the convictions for armed robbery and murder, the court said:

> "Beginning with *People v. Schlenger* (1958), 13 Ill. 2d 63, this court has decided a series of cases culminating in holdings that a person may not be convicted of multiple offenses arising out of the same act or the same conduct and that only the judgment and sentence for the most serious of the offenses may stand. (See also *People v. Duszkewycz* (1963), 27 Ill. 2d 257; *People v. Stewart* (1970), 45 Ill. 2d 310; *People v. Whittington* (1970), 46 Ill. 2d 405; *People v. Lerch* (1972), 52 Ill. 2d 78; *People v. Prim* (1972), 53 Ill. 2d 62; *People v. Cox* (1972), 53 Ill. 2d 101; *People v. Lilly* (1974), 56 Ill. 2d 493; *People v. Scott* (1974), 57 Ill. 2d 353.) Defendant contends that these cases are applicable to his multiple convictions and that only the conviction of murder, the most serious of the offenses, may stand. We find instead that these decisions affect only the convictions of burglary and armed robbery. The two men entered the Calderone home for the purpose of robbing the

Calderones. Thus, although burglary and armed robbery involve different elements of proof and the men committed a series of acts, their unauthorized entry with the intent to commit theft and the actual theft by means of armed robbery constitute two offenses arising from the same conduct in robbing the Calderones. Only the conviction of the most serious of the two offenses, armed robbery, can stand, and the judgment and sentence on the burglary conviction must be reversed.

These cases do not, however, prohibit separate convictions and sentences for armed robbery and murder, even though the activity constituting both offenses was a series of very closely related acts. The purpose of the entry was robbery, not murder, and that objective changed to murder only when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone. We believe that such a situation is controlled by our decision in *People v. Johnson* (1970), 44 Ill. 2d 463, in which we held that the convictions and sentences for burglary and rape were proper. As we stated in *Johnson*, cases such as *Schlenger* 'were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof.' (44 Ill. 2d at 475; see also *People v. Raby* (1968), 40 Ill. 2d 392; *People v. Harper* (1972), 50 Ill. 2d 296.) The convictions and sentences imposed upon the defendant for murder and armed robbery may both stand."

There have been differences of opinion as to the precise meaning of this passage. (Compare *People v. Henderson* (1976), 36 Ill. App. 3d 355, 344 N.E.2d 239, with *People v. Meredith* (1976), 37 Ill. App. 3d 895, 347 N.E.2d 55.) These differences have their roots in the confusion and conflict in the cases prior to *Williams*. (See *Schlenger* and subsequent cases cited in *Williams*; see also 1973 U. Ill. L.F. 423; compare *People v. Sims* (1974), 20 Ill. App. 3d 1068, 313 N.E.2d 663, with *People v. Whiteaker* (1975), 30 Ill. App. 3d 848, 334 N.E.2d 200.) While there seems to be agreement that in order for multiple convictions to be proper the court must be able to disentangle and separately conceive the acts or chains of acts constituting the various offenses as charged, courts are at odds as to whether it is also necessary that the different offenses be marked by some shift or change in the offender's motivation.

We are of the opinion that the language of *Williams* makes that

additional requirement of a shift or change in the offender's immediate motivation. (See *People v. Meredith*.) In any case, however, it is clear that on the facts before this court convictions of both attempt armed robbery and murder were proper. First, the defendant is incorrect in arguing that the attempt armed robberies and murder arose from the "same precise act." This is evident from the fact that the offense of attempt armed robbery as charged in the indictment was complete before the shooting took place. Thus, the defendant's reliance on *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, a case involving multiple convictions arising out of the same act, is misplaced. By the same token, it cannot be said that the acts constituting the attempt armed robberies were so inextricably bound up with the murder as to make separate convictions improper. In an analogous situation, the court in *People v. Johnson* observed:

> "These are separate and distinct crimes requiring entirely different proof to sustain them. The rape has no necessary connection with the burglary as is evident when we stop to consider that the burglary was complete before the defendants laid a hand on the victim. Had the defendants not embarked on an entirely separate course of conduct in making their sexual assault, the burglary would have occurred without any rape having been committed."
> 44 Ill. 2d 463, 475, 256 N.E.2d 343, 350.

It seems undeniable that the shooting in this case was in large part motivated not as a means of simply effectuating the original objective of robbery by removing a direct obstacle, but as a means of "avoiding injury or apprehension." (*People v. Williams* (1975), 60 Ill. 2d 1, 15, 322 N.E.2d 819, 826.) Only after Mrs. Snowden called out, thereby suddenly increasing their chances of apprehension, did the robbers undertake the separate act of shooting Mr. Snowden. This act then reflected a substantial shift in the immediate motivation of the offenders.

■■ Alternatively, the defendant contends that since both of his attempt armed robbery convictions arose out of the same act or conduct only one of these convictions can properly stand. We have applied the "same act or conduct" rule to cases involving multiple as well as single victims. Thus, in *People v. Vaini* (1975), 33 Ill. App. 3d 246, 337 N.E.2d 234, the court found that only one conviction was proper where the defendant, by making a single wrongful sale of several stolen articles, committed the crime of theft against the various owners of those articles. See also *People v. Brown* (1973), 14 Ill. App. 3d 196, 302 N.E.2d 101; *People ex rel. Starks v. Frye* (1968), 39 Ill. 2d 119, 233 N.E.2d 413.

The State relies in opposition on *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330. However, *Butler* is distinguishable in that it involved a finding that the defendant would be held accountable for the separate criminal acts involved in perpetrating two distinct robberies, whereas in

the present case such separate acts were never committed. See also *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.

■■ Finally, we note that since the defendant was sentenced only on the murder conviction, the State asks that we remand the case for entry of a sentence on the remaining conviction of attempt armed robbery. The defendant argues that to do so would be to permit the State to act as "an imposter of an appellant" in violation of Supreme Court Rule 604 (58 Ill. 2d R. 604). He cites *People v. Kent* (1976), 40 Ill. App. 3d 256, 350 N.E.2d 890, in which the court refused to hear the State's contention on appeal that sentences made concurrent by the trial court should have properly been consecutive. While we are well aware that Supreme Court Rule 604 strictly limits the State's right to appeal in criminal cases and that the State as a rule may not contest the propriety of a sentence imposed on a criminal defendant, it is clear that in the present case the State, rather than contesting the propriety of a sentence, is merely asking for the rendition of a final judgment where one is lacking. We agree that such a final judgment is necessary.

Accordingly, we affirm the judgments of conviction on the murder count and the first count of attempt armed robbery, reverse the judgment of conviction on the second count of attempt armed robbery, and remand the cause to the trial court for entry of a sentence on the affirmed attempt armed robbery conviction.

Affirmed in part, reversed in part and remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.