THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ARNESTO GRIGGS, Defendant-Appellant.

First District (3rd Division)   No. 76-1325

Opinion filed July 27, 1977.

James Geis and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The only ground for Arnesto Griggs' appeal from his conviction for robbery and attempted robbery is a series of statements by the prosecutor during arguments to the jury. An unusual feature of this appeal is that the State also raises an issue, pointing out that although Griggs was sentenced to 6 to 20 years for robbery, no sentence was imposed for his conviction for attempted robbery. The State requests remandment for entry of sentence on that conviction.

All three complainants in this case testified. Two lived at a mission on West Madison Street in Chicago and the third lived in a hotel at 1151 West Adams Street. They all identified Griggs, and testified that as they were walking a dog at Racine and Adams in the morning daylight hours, Griggs approached, pointed a gun at them and announced a robbery. Griggs went through two of the men's pockets but found nothing. He then searched the pockets of the third complainant and took a quantity of coins. This complainant testified he had a handful of change, but could not be more specific in terms of actual amount.

As Griggs began walking away, police officers arrived in response to a robbery-in-progress call. The victims pointed out Griggs, who had gone

into a nearby alley. One of the victims testified he saw Griggs try to hide the gun in a pile of pallets stacked up in the alley approximately 20 to 30 feet from the scene of the robbery. The officers testified they observed Griggs taking his hand out of a pile of wooden pallets, searched the pallets and recovered a toy replica of a snub-nosed steel revolver. One of the victims identified this as the weapon Griggs used during the robbery.

■■ The defense contends that when the prosecutor in his rebuttal argument told the jury that the prosecutors would not risk their legal licenses by presenting false testimony, he was arguing to the jury that the State was warranting the truthfulness of its witnesses. In his argument to the jury, defense counsel, after remarking on insignificant inconsistencies in the testimony of the State's witnesses, said: "Now, why are there different stories? Because they are made up." Defendant's argument was more than an attack upon the credibility of the State's witnesses; it implied that the prosecutors played a part in presenting false testimony. We interpret the prosecutor's response as a denial that the prosecutors would be parties to making up testimony, a response invited by the arguments of defense counsel. As such, it was not improper. (*People v. Lewis* (1962), 25 Ill. 2d 442, 446, 185 N.E.2d 254; *People v. Norfleet* (1973), 15 Ill. App. 3d 567, 572, 304 N.E.2d 672.) The defendant's reliance on *People v. Bitakis* (1972), 8 Ill. App. 3d 103, 289 N.E.2d 256, is misplaced. The court there held that the prosecutor's statement, which was more damaging than the remark in this case, was not provoked by any argument on behalf of the defendant.

■■ The defendant also objects to the prosecutor's statement that in claiming a frame-up, the defense was trying to "throw up a smokescreen," and "to cloud the whole issue." The statement, in its context, did not, contrary to defendant's suggestion, charge his counsel with trickery or making up a defense. The defendant's closing argument consisted almost entirely of pointing to minor inconsistencies in the testimony of the State's witnesses. The prosecutor's statement was designed to point this out to the jury, and in view of the argument the defense offered, this was not improper. *People v. Palmer* (1970), 47 Ill. 2d 289, 299-300, 265 N.E.2d 627.

■■ Next, the defendant contends the Assistant State's Attorney expressed his opinion of defendant's guilt in the following portion of his argument:

"You may ask yourselves, why did the defendant go to trial in the light of this overwhelming evidence.

"Mr. Logalbo: Objection, he has a constitutional right to a jury trial.

"The Court: Sustained.

"Mr. Peterson: That is what I was going to say. The defendant is

entitled to go to trial and he is entitled to place the burden on the People of the State of Illinois to prove him guilty, to prove their case, we acknowledge that burden and believe me, we welcome the opportunity to present evidence on it."

The comment objected to is distinguishable from one held improper in *People v. Young* (1975), 33 Ill. App. 3d 443, 337 N.E.2d 40. In that case, where the prosecutor only questioned what the defendant was doing in court in view of the overwhelming evidence against him, the court held that the prosecutor was suggesting to the jury a motive other than defendant's innocence for his election to be tried; this amounted to an expression of the prosecutor's personal opinion of defendant's guilt. Here, the prosecutor saved himself from overstepping these bounds by commenting about the burden of proof. Although the prosecutor was skirting the brink of error, his additional comments following defense counsel's objection brought his statement in its entirety within the bounds of propriety.

■■ The defendant also contends he was improperly prejudiced by the argument that thousands of robberies occur in Chicago and crimes take place every day in Chicago and across the country, and that the jury was in a "unique position to be able to do something about it." The prosecutor was arguing for vigorous law enforcement. A prosecutor in his closing argument is permitted to emphasize the evils of crime and urge effective administration of the law. *People v. Taylor* (1974), 18 Ill. App. 3d 367, 309 N.E.2d 642.

The prosecutor told the jurors he wished there was a question-and-answer session to answer any questions they might have. Defendant argues this statement implied that the State wanted to tell the jurors everything, but the defendant was preventing them from doing so. We do not believe the prosecutor's statement was designed to or did leave this impression, in view of the prosecutor's next statement urging the jurors to look at the positive evidence they heard and suggesting that would overcome any questions they might have. If the prosecutor acted improperly in stating his wish, the error was harmless.

■■ During defense counsel's closing argument, he rhetorically asked why a person who saw the robbery from across the street was not brought in as a witness. When defense counsel followed this question by asking, "Where is he?" the prosecutor objected and added, "Your honor, the man is dead." The judge overruled the prosecutor's objection, commenting there had been no evidence to support his statement, and then instructed the jury to disregard any statement by the attorneys not in evidence. However, under the circumstances the prosecutor's statement was proper comment on the argument of defense counsel. Because defense counsel asked the question, it was in order for the State to respond to it. (*People v.*

*Barber* (1930), 342 Ill. 185, 192, 173 N.E. 798; *People v. Fleming* (1964), 54 Ill. App. 2d 457, 464, 203 N.E.2d 716.) In any event, defendant did not suffer prejudice.

For the reasons set forth above, the remarks of the prosecutor do not require a new trial.

Nor should this case be remanded so that the trial court may now impose the sentence for defendant's conviction for attempted robbery which it failed to impose prior to defendant's appeal. Defendant's appeal does not challenge the propriety of the sentence he received; his only complaint relates to the fairness of his trial. In addition, nothing which occurred following the completion of the trial interfered with the imposition of sentence for the attempted robbery conviction before defendant's notice of appeal was filed.

Illinois Supreme Court Rule 604(a)(1) sets forth the instances in which the State may appeal in a criminal case. It does not allow the State to seek review either of a sentence or of a trial court's failure to impose a sentence.

Two recent appellate court decisions require attention because, as here, a defendant convicted on two counts was sentenced by the trial judge on only one count. In both appeals the State requested remand so that the additional sentence might be imposed. In *People v. Johnson* (1977), 46 Ill. App. 3d 365, 369, 360 N.E.2d 1314, the court viewed the State's request as one for the rendition of a final judgment when one was lacking. After pointing out that the State was not contesting the propriety of a sentence, the court concluded "that such a final judgment is necessary" and remanded the cause for entry of a sentence. In *People v. Akins* (1976), 43 Ill. App. 3d 943, 945, 358 N.E.2d 3, the court reached an opposite result. It regarded the State as having placed itself in the posture of an appellant by raising the failure to impose sentence as an issue on defendant's appeal.

■■ We agree with the resolution announced in *Akins*. The State is asking affirmative relief from an omission of the trial court. Nothing in Supreme Court Rule 604(a)(1) entitles the State to such affirmative relief from a reviewing court, or permits the State to assume the role of an appellant to raise the failure of the trial court to impose sentence. We hold that the State has no right to interpose a request in defendant's appeal for a remand to impose a sentence.

The judgment appealed from by the defendant is affirmed.


Judgment affirmed.


McNAMARA and JIGANTI, JJ., concur.