THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES GRIFFIN, Defendant-Appellant.

Fifth District   No. 76-303

Opinion filed December 30, 1977.—Rehearing denied January 26, 1978.

Michael J. Rosborough and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Charles Griffin, was charged by indictment filed in the Circuit Court of St. Clair County with the murder of Deborah Dobbins and Jerome Lawrence. On February 4, 1976, he was found guilty by a jury of voluntary manslaughter in the deaths of both victims. Upon the return of this verdict, the trial judge in open court directed that judgment was to be entered on the verdict. The docket entry for that date also states "The Court enters judgment on their verdict." However, the "Presentence Hearing Sentence Order" filed April 5, 1976, states that the defendant is sentenced to a period of six to 18 years imprisonment and that the "sentence is entered on Count Two of the Indictment, that is, Involuntary Manslaughter of Debra Dobbins. The Jury Verdict will be entered on Count One of the indictment but no judgment is entered." The docket minutes for that date are to the same effect. Finally, the mittimus issued in this cause includes a statement that the defendant was "found guilty of murder and voluntary manslaughter" but that "judgment entered on verdict of voluntary manslaughter only."

On this appeal, the sole argument presented by the defendant is that the judgment and sentence order must be corrected so as to eliminate all references to the offense of murder and also to the count I offense of the voluntary manslaughter of Jerome Lawrence. Defendant maintains that the inclusion of these references in the judgment and other court records will operate to his detriment, especially when viewed by the parole board.

■■ The State concedes, and we agree, that the mittimus must be amended to delete the incorrect reference to the offense of murder. The defendant, while charged with murder, was not found guilty of murder but only of voluntary manslaughter in the deaths of both victims. The inclusion of this error in defendant's records could operate to his prejudice. *People v. Lilly*, 56 Ill. 2d 493, 494, 309 N.E.2d 1.

However, defendant also argues that all references to the count I offense of voluntary manslaughter should also be removed from the records on the theory that he was not convicted of this offense, because no sentence was imposed on this count, and because the trial judge stated in his sentencing order that no judgment was to be entered on the jury's verdict of guilty on this count. Conversely, the State argues that the cause should be remanded with directions to impose sentence on that count on the premise that the judgment is incomplete as it now stands. The State contends that the trial court had a duty to impose sentence on both counts of manslaughter, because the defendant was found guilty on both counts.

First, we are of the opinion that a judgment of record was entered on count I. Under Illinois Supreme Court Rule 272 (Ill. Rev. Stat. 1975, ch. 110A, par. 272) a judgment, when orally pronounced, is effectively entered at the time it is entered of record. Here, on February 4, 1976 the court orally pronounced that judgment was to be entered on the verdict, and the entry of record was made in the docket minutes for that date. Thus, the judgment became effective at that time.[1]

However, it is generally accepted that the *final* judgment in a criminal case is the sentence. (*People v. Lilly*, 56 Ill. 2d 493, 496 (citing therein *People v. Becker*, 414 Ill. 291, and *People v. Rose*, 43 Ill. 2d 273). See also Ill. Rev. Stat. 1975, ch. 38, par. 102—14; *People v. Thompson*, 33 Ill. App. 3d 101, 347 N.E.2d 481.) Here, as to count I, there has been no final or completed judgment, because no sentence was imposed; and, in our opinion, the trial judge, in stating at the sentencing hearing and in his sentence order that the jury verdict on count I was to be recorded but no judgment entered, was actually referring to his determination that no sentence was to be imposed on that count.

■■ Parenthetically, we note that despite the fact that there is no final judgment on the count I conviction, we nevertheless have jurisdiction to review the error assigned with regard to that offense, because this case is properly before us on appeal from the completed judgment on count II.

---

[1] Additionally, even without a completed judgment, it is clear that defendant was convicted of the voluntary manslaughter of Lawrence, since the term "convicted" is statutorily defined to mean a judgment of conviction *or* sentence entered upon a verdict of guilty. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—5.) Moreover, this provision has been interpreted so as to equate a "conviction" with a determination of guilt, even absent entry of a record judgment. *People v. Goetz*, 27 Ill. App. 3d 680 (4th Dist. 1975).

*People v. Lilly,* 56 Ill. 2d 493, 496; *People v. Akins,* 43 Ill. App. 3d 943, 944-45, 358 N.E.2d 3, and cases cited therein.

Having determined that defendant was in fact convicted of the count I offense of the voluntary manslaughter of Lawrence, we now proceed to a determination of the appropriate disposition of this matter. In *People v. Akins,* the defendant was found guilty by a jury of armed robbery and aggravated battery, but the trial court imposed sentence only on the armed robbery conviction. There, as here, the State argued that the matter should be remanded with directions to impose sentence on the aggravated battery conviction. We rejected this request on the premise that the State in seeking that relief was acting in the posture of an appellant in contravention of the limitations placed upon the State's right to appeal by Illinois Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)).

However, in its brief, the State urges us to adopt the position taken by the First District Appellate Court (First Division) in *People v. Johnson,* 46 Ill. App. 3d 365, 360 N.E.2d 1314 (1977). In that case the court viewed the State merely as requesting the rendition of a final judgment, as opposed to contesting the propriety of a sentence which would contravene the proscription of Supreme Court Rule 604(a)(1) prohibiting the State from acting as an appellant. The *Johnson* decision was based on the principle that in a criminal case the final judgment is a sentence, and that imposition of a sentence was necessary to complete the judgment. Also, in *People v. Scott,* 45 Ill. App. 3d 487, 359 N.E.2d 878 (1st Dist. 1977), where the defendant was convicted of aggravated battery, rape, aggravated kidnapping and two counts of armed robbery with sentences imposed on all offenses other than the aggravated kidnapping conviction, the same appellate court remanded for entry of a sentence on the aggravated kidnapping offense. Subsequent to the *Johnson* and *Scott* decisions, the Third Division of the First District Appellate Court in *People v. Griggs,* 51 Ill. App. 3d 224, 366 N.E.2d 581, 584 (1977), considering the same issue, discussed the approaches taken in *Johnson* and in our *Akins'* decision and followed our holding in *Akins.* Thus, the matter has been wrought with a good deal of inconsistency and controversy.

■■ However, since the briefing and oral argument of this appeal, the appellate court decision in *People v. Scott* was appealed to the Illinois Supreme Court which recently handed down its opinion. (*People v. Scott,* 69 Ill. 2d 85.) The court affirmed the appellate court's judgment. In response to defendant's position that the remand for sentencing expanded the State's right to appeal under Supreme Court Rule 604(a)(1), the court held that it was unnecessary to decide whether absent an appeal by the defendant the State could have sought review of the failure of the trial court to impose sentence on one count, but found that with the appeal

from the aggravated kidnapping conviction before it, the appellate court acted within the scope of its powers under Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366) when it remanded the cause for sentencing on that offense. With the same reasoning taken in *People v. Johnson,* the court held that "The effect of the remanding order for the imposition of sentence is to complete the circuit court's order and render the judgment final." 69 Ill. 2d 85, 89.

In accord with this decision then, we hold that this matter should be remanded to the circuit court for entry of a sentence on the count I conviction of the voluntary manslaughter of Lawrence. To the extent that our opinion in *People v. Akins* is inconsistent with the supreme court's holding in *People v. Scott,* we decline to follow it further.

Accordingly and for the reasons discussed herein, the judgment on the convictions of the voluntary manslaughter of Deborah Dobbins and Jerome Lawrence are affirmed. The cause is remanded to the trial court for entry of a sentence on the count I conviction. Further, by virtue of the power granted us by Illinois Supreme Court Rule 366(a)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(3)) which allows us to "order or permit the record to be amended by correcting errors or by adding matters that should have been included" we direct that the records of the Circuit Court of St. Clair County be amended so as to delete the phrase "found guilty of murder" from the mittimus and any other records in which such a reference may be included. On remand, the docket entries and other court records should also be appropriately amended to reflect the convictions on both counts of voluntary manslaughter and the final judgment and sentence imposed on count I.

The judgment of the Circuit Court of St. Clair County is affirmed and remanded with directions.

Affirmed and remanded with directions.

EBERSPACHER, P. J., and JONES, J., concur.