THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DOYLE D. WILLIAMSON, Defendant-Appellant.

Third District   No. 77-319

Opinion filed March 28, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Doyle Williamson appeals from a conviction of aggravated assault following a jury trial in the Circuit Court of Fulton County and was sentenced to serve a prison term of 270 days (see Ill. Rev. Stat. 1975, ch. 38, par. 12—2). It appears that defendant has already completed serving his sentence.

From the record it is disclosed that the incident giving rise to the charge against defendant Williamson occurred on January 28, 1977, at the Town Tavern in Avon, Illinois, sometime after 8:15 p.m. Three witnesses testified on behalf of the State. Jerry Page, owner of the tavern and the complaining witness and asserted victim of the assault, testified that defendant Williamson pulled a gun from his boots and said, "I want my wife or I am going to shoot." The wife of Jerry Page also corroborated his testimony. A third witness, Gary Taylor, a patron of the tavern, testified that he saw defendant in the tavern with a gun. The wife of defendant

was the only witness for the defense. She stated that Page's wife had pointed a gun at her and at the defendant.

The sole issue on appeal is the contention of the defendant Williamson that the prosecutor in the case, in his rebuttal argument, improperly commented on facts not in evidence, and thereby deprived defendant of a fair trial.

The issue developed as a result of statements made by the attorney for the defendant in closing argument. That attorney was referring to patrons in the tavern at the time of the incident and stated, "Where are these people that saw this? I would like to think that Mr. Page would know the identity of his own patrons, or at least the majority of them."

In the closing argument in rebuttal, the prosecutor, over defendant's objection (which was overruled), told the jurors that, before the trial, he had given a list of names of persons who were in the tavern to the defense attorney. The prosecutor added that the defense attorney had every opportunity to talk to any of the persons named and to call them into court to testify, but that nevertheless, only four persons, as a whole, testified in the case. The prosecutor then continued, "Well, I don't like that, but I will tell you why that is. It is because people do not want to get involved. It's because after talking to these people and sending these people notices, they refuse to show."

It is the contention of the defendant that the prosecutor would have acted properly if he had simply pointed out to the jury that the defense had the same opportunity to call the tavern patrons to testify as did the State. The defendant argues, also, that the prosecutor exceeded the bounds of propriety and committed reversible error when he explained to the jurors the reason that patrons do not testify is because they do not want to get involved and refuse to appear, asserting that the implication of such argument being that the testimony would have favored the State.

■■ It is clear under the law of this State, as established in many precedents, that a defense attorney who comments in closing argument that the State failed to present a particular witness or witnesses, invites a response from the prosecutor who can point out that the defense could have presented the witnesses (*People v. Izzo* (1958), 14 Ill. 2d 203, 151 N.E.2d 329; *People v. Wheeler* (1955), 5 Ill. 2d 474, 126 N.E.2d 228; *People v. Heywood* (1926), 321 Ill. 380, 152 N.E. 215; *People v. Sutton* (3d Dist. 1977), 45 Ill. App. 3d 739, 359 N.E.2d 1132).

In the four cases referred to, the prosecutor simply pointed out that the defense could have called any witness to testify. The prosecutors in those cases did not explain, as the prosecutor in the instant case did, why a particular witness might not have testified. From this the defendant concludes that the prosecutor's explanation was improper.

In the *Wheeler* case referred to, our supreme court stated (*Wheeler*, 5 Ill. 2d 474, 486):

> "* * * it is not error for the State's Attorney to reply to a question propounded by counsel for the accused, and, where defense counsel has asked why the State did not produce certain witnesses, it is proper for the prosecuting attorney to ask defendant's counsel why he did not bring in the same witnesses so long as the remarks are properly limited to a reply."

In addition, as noted in *People v. Griggs* (1st Dist. 1977), 51 Ill. App. 3d 224, 366 N.E.2d 581, a defense attorney, in closing argument, who asked, rhetorically, why an eyewitness to the robbery had not been called to testify, and followed this comment by asking, "Where is he?" it was proper for a prosecutor to add, in response to this question, that the eyewitness was dead. The First District Appellate Court held that the prosecutor's statement was proper because it was in response to the defense attorney's question. *People v. Griggs* (1st Dist. 1977), 51 Ill. App. 3d 224, 227, 366 N.E.2d 581, 584.

■■ The remarks of the prosecutor in the cause before us were made in response to the defense attorney's question. We conclude that the making of such remarks, therefore, did not constitute reversible error.

For the reasons stated, the judgment and sentence of the Circuit Court of Fulton County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.