(No. 45376.-)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDDIE WARSHIP, JR., Appellant.

*Opinion filed November 18, 1974.*

Paul Bradley, First District Defender, and James R. Streicker, Assistant District Defender, of Illinois Defender Project, of Chicago (Charles I. Weitzman, Assistant District Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Jack Hoogasian, State's Attorney, of Waukegan (James B. Zagel, Assistant Attorney General, of Chicago, and Nolan Lipsky, Assistant Attorney General, of Springfield, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Eddie Warship, Jr., was indicted for the crime of burglary in the circuit court of Lake County. At that time he was under a sentence of probation for mob action and aggravated battery, offenses of which he had been previously convicted. Following his indictment for burglary, a petition was filed to revoke his probation on the previous charges. On August 20, 1970, the defendant pleaded not guilty to the burglary indictment. On September 28, 1970, he changed his plea on this charge from not guilty to guilty. On December 10, 1970, following a combined hearing in aggravation and mitigation on the burglary conviction and on the petition to revoke probation on the mob-action and aggravated-battery convictions the court revoked the defendant's probation and sentenced him to a term of from 3 to 5 years on the mob-action conviction, 3 to 5 years on the aggravated-battery conviction, 4 to 20 years on the burglary conviction, and all sentences were concurrent. The defendant appealed from the judgment rendered on his plea of guilty to burglary. The appellate court affirmed his conviction with one

justice dissenting. (6 Ill. App. 3d 461.) We granted leave to appeal.

On appeal the defendant presents three issues, each of which finds its origin in what the defendant contends was a failure of the trial court to comply with our Rule 402 (43 Ill.2d R. 402) which became effective September 1, 1970. First, defendant contends that he was not properly admonished as to the consequences of his plea of guilty to the burglary indictment because the court did not admonish him that the plea of guilty would result in the revocation of the probation sentences he was serving under the prior convictions. Second, he contends the court did not properly inform him of the minimum and maximum sentences that could be imposed under his plea of guilty. Before accepting the plea of guilty the court stated to the defendant "As I recall, I'm sure Mr. Flannagan [defendant's counsel] will tell me if I'm wrong, the maximum penalty that the court may impose if I [sic] enter a plea of guilty is life imprisonment in the penitentiary." Third, the defendant contends that the court failed to determine if there was a factual basis for the plea of guilty.

On appeal the defendant relies solely on the bare technical violation of Rule 402 and seeks a reversal of the conviction and a remand to the trial court. The defendant does not contend that he did not know that his probation could be revoked as a result of his guilty plea. He does not contend that he did not know that the minimum sentence for burglary was one year. He also does not argue that his conduct would have been different had he been specifically admonished in the manner he contends our rule requires. The pertinent part of Rule 402 involved in these questions provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant

> personally in open court, informing him of and determining that he understands the following:
>
>> (1) the nature of the charge;
>>
>> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; ***." 43 Ill.2d R. 402.

The rule does not require that the defendant be admonished that his probation on a prior conviction may be revoked as a consequence of his plea of guilty. Revocation of probation is a collateral consequence of a plea of guilty and the defendant need not be admonished as to all of the collateral consequences of his plea. (*Cuthrell v. Director, Patuxent Institution* (4th Cir. 1973), 475 F.2d 1364.) The provision of the rule requiring that the defendant be informed of "the penalty to which the defendant may be subjected because of prior convictions" does not require that the defendant be informed that his plea of guilty may result in the collateral consequence of revocation of probation. Examples of direct consequences of the plea of guilty requiring admonishment under this section as contrasted with collateral consequences of the plea of guilty are found in provisions of the Criminal Code which provide for higher penalties for subsequent convictions of the same crime. (*E.g.,* Ill. Rev. Stat. 1973, ch. 38, par. 28—1(c); see also ABA Standards, Pleas of Guilty, sec. 1.4(c)(iii) (Approved Draft 1968).) Rule 402 does not require the court to admonish the defendant that his probation may be revoked as a consequence of his plea of guilty.

Also we do not find that the failure of the court to advise the defendant that the minimum sentence that the court could impose for the crime of burglary is one year requires a reversal. Rule 402(a) requires the admonish-

ments specified so that the court can determine that defendant understands the matters considered relevant to a knowing and understanding waiver of rights implicit in a plea of guilty. The defendant does not now contend that he did not understand that the minimum sentence for burglary was one year and he does not contend that he was in any way prejudiced by the failure of the court to state the minimum sentence. Prior to the entry of the guilty plea defendant's counsel stated to the court in the presence of the defendant, "I have conferred with my client relative to 70 CF 96 charging Eddie Warship with one count of burglary. The defendant indicated he wishes to withdraw his plea of not guilty and enter a plea of guilty to the offense charged." The defendant confirmed his wish before the court. The interrogation of the defendant by the court which followed shows that the plea was freely, knowingly and voluntarily made and that the defendant had the requisite understanding to enter a free and voluntary plea of guilty.

Rule 402 does not require strict compliance but states that there must be *substantial* compliance." Not every failure to comply with the rule will justify reversal. (*People v. Mendoza,* 48 Ill.2d 371; *People v. Krantz,* 58 Ill.2d 187.) Under the circumstances of this case the failure to admonish the defendant that the minimum sentence was one year does not require a reversal. We find that there has been substantial compliance with the requirements of Rule 402.

The final contention of the defendant is that the court did not determine that there was a factual basis for the plea as required by Rule 402(c), which provides:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The provision of this section of the rule requires that the factual basis for the plea of guilty be determined before the entry of final judgment, whereas the admonish-

ments under 402(a) and the determination to be made under 402(b) must precede the acceptance of a plea of guilty. Final judgment in a criminal case is not entered until the imposition of the sentence; the final judgment in a criminal case is the sentence. (*People ex rel. Filkin v. Flessner*, 48 Ill.2d 54; *People v. Rose*, 43 Ill.2d 273; *People v. Becker*, 414 Ill. 291.) The hearing in aggravation and mitigation conducted by the court prior to the imposition of sentence reflects a factual basis for the plea of guilty.

At this hearing a police officer testified that while in his squad car he received a call that a burglary was in progress. Upon his arrival at the place being burglarized he found some windows broken and later he and other officers apprehended and arrested the defendant, who was inside the building. As they were taking the defendant from the building, his coat, a pair of binoculars, some checks and a check protector were found lying on the seat of a motor vehicle in the building. All of the items except the defendant's coat were the property of the operator of the business conducted in the building. The defendant testified that he had no intent to steal or take anything from the building. In fact, it is his contention that his "mind went blank" and that he does not remember entering the building. In view of this testimony the defendant now contends that the record does not reflect that he had the necessary element of intent to commit a felony or theft (Ill. Rev. Stat. 1969, ch. 38, par. 19—1) and therefore the court could not determine that there was a factual basis for his plea of guilty to burglary.

The rule requires that the judge determine that the conduct which the defendant admits constitutes the offense charged in the indictment or an offense included therein to which the defendant has pleaded guilty. (*McCarthy v. United States*, 394 U.S. 459, 467, 22 L. Ed. 2d 418, 426, 89 S. Ct. 1166.) The element of intent which the defendant claims is not reflected in the record may be

established by competent circumstantial evidence. (*People v. Richardson,* 32 Ill.2d 497.) The facts related above are sufficient to support a determination that the defendant possessed the requisite intent to commit the offense to which he pleaded guilty and that there is a factual basis for the plea.

For the reasons stated we conclude that the record reflects substantial compliance with Rule 402 and the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*