THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEITH WILLIAM REESE, Defendant-Appellant.

(No. 60914;

First District (4th Division)—May 28, 1975.

Ackerman, Durkin & Egan, of Chicago (Allan A. Ackerman, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Scott W. Petersen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Keith William Reese pled guilty to a one-count indictment charging him and another individual[1] with burglary (Ill. Rev. Stat. 1973, ch. 38, § 19—1). After the trial judge accepted the guilty plea and found the defendant guilty, he was sentenced to 1 to 3 years in the Illinois State Penitentiary. Reese appeals and presents the following issues for review: (1) Whether a guilty plea may stand to an indictment where there is a fatal variance between the stipulated proof of the offense and the indictment; and (2) whether the failure of the trial judge to adhere to the provisions of Supreme Court Rule 402 mandates vacation of the guilty plea.

---

[1] The coindictee, Arthur Klee, is not a party to this appeal.

On January 3, 1974, Reese withdrew a plea of not guilty and entered a plea of guilty to burglary. Prior to accepting the plea, the trial judge admonished the defendant in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402). The trial judge advised defendant that if he pled guilty to burglary the court would sentence him to 1 to 3 years in the State penitentiary as agreed by the parties during the pretrial conference. The trial judge informed defendant that he must knowingly and intelligently waive his rights in order for the court to accept his plea. Defendant was also informed that he had a right to a trial by jury. In response to the trial judge's question, do you wish to waive the right to a jury trial, the defendant answered yes. Then the trial judge explained to defendant that he could be sentenced to the penitentiary from 1 to 20 years. The defendant stated that he knew that and still wished to plead guilty. Defendant was then informed that he had a right to appeal the matter by filing a notice of appeal within 30 days. The trial judge reminded the defendant that he had a right to a presentence investigation, but defendant waived that right. Defendant was asked if anybody promised him anything or threatened him to enter the plea, and he answered, "No." The trial judge then inquired as to whether the defendant was acting freely and voluntarily, and Reese replied, "Freely and voluntarily." In concluding, the trial judge stated that he thought the defendant was knowledgeable; that he was intelligent enough to know his rights; and that he voluntarily waived them.

The prosecutor and defendant's attorney then stipulated to the facts the State intended to prove. The trial judge then accepted the defendant's plea, made a finding of guilty, and entered a judgment on the finding.

■■ The defendant first contends that his burglary conviction should be reversed because there was a "fatal variance" between the stipulated proof and the indictment. The indictment states that Keith William Reese committed the offense of burglary in that he without authority, knowingly entered the MacMillan Science Co. building. The stipulated proof, on the other hand, refers to the corporation as McMillan Sons Company, Inc. We take notice of the fact that MacMillan Science Company is referred to by a different name in the stipulated proof. This discrepancy raises the question of whether this is a fatal variance for which the conviction must be overturned. In *People v. Bristow* (1972), 8 Ill. App.3d 805, 291 N.E.2d 189, a case where this court was faced with an alleged fatal variance between the allegations of the indictment and the proof, at page 808 the court laid down the following criteria for determining whether the variance was fatal:

> "Variances between allegations of a charge and evidence which can affect a criminal trial are limited to differences between the

pleading of essential elements of a crime and the proof. [Citations.] To vitiate a criminal trial, however, a variance must be material and of such character that it misleads a defendant in the making of his defense or exposes him to double jeopardy. [Citations.] The variance must result in substantial injury to a defendant either by causing a jury to be misled or by hindering the defendant in the intelligent presentation of his case. [Citation.]"

■■ When we apply the *Bristow* rules to the facts in the instant case, we discover that the variance is not fatal. The defendant was not misled by the fact that MacMillan Science Company was referred to by a different name in the prosecutor's proffered proof. Defendant's attorney stipulated to this proof and did not object to it. Moreover, the court was not misled and the defendant was not hindered in the presentation of his case because he pled guilty, and if a second prosecution were brought for the same offense, the defendant could refer to the record of these proceedings to establish jeopardy. Since the facts leave no doubt as to the identity of the burglarized store and no showing has been made that the variance prejudiced the defendant, the conviction will not be overturned on this ground.

The defendant's next contention is that the record failed to show that MacMillan Science Company, a corporation, was in lawful possession, either as owner or lessee of any of the described premises in Cook County, Illinois. Then he argues that since there is no allegation of ownership of the dwelling burglarized, the indictment in this case is fatally defective. (*People ex rel. Ledford v. Brantley* (1970), 46 Ill.2d 419, 263 N.E.2d 27.) However, *Brantley,* the case relied on by the appellant, was overruled in *People v. Gregory* (1974), 59 Ill.2d 111, 319 N.E.2d 483. In *Gregory,* the Illinois Supreme Court, when considering the question of the necessity of an indictment for burglary to identify the owner of the building, held at page 114:

"While at one time it was necessary that an indictment for burglary identify the owner of the building concerned, if it was known, such as allegation of ownership is no longer required. [Citations.] We would point out that a majority did say in *People ex rel. Ledford v. Brantley,* 46 Ill.2d 419 [263 N.E.2d 27], that an indictment's failure to allege the ownership of the burglarized premises will render an indictment fatally defective. While the indictment in *Ledford* provided no identification whatever of the 'dwelling' which was burglarized, that omission did not justify the statement that ownership must be alleged. The holding simply cannot be supported. It must be regarded as erroneous, and accordingly it is overruled."

■■ Therefore, *Gregory* does away with the necessity of an indictment alleging ownership. Consequently, the defendant's argument falls. Moreover, defendant's argument also falls because the alleged defect in the indictment was waived when he entered his guilty plea. The defendant formally waived all defects during the trial when his attorney stipulated to the following statement:

"That the indictment that is pending before this court is true and correct and that any defects are being waived by a plea of guilty."

Jurisdictional defects, ones which render an indictment void and are insufficient to give the court jurisdiction over the subject matter, cannot be waived. (*People v. Reed* (1965), 33 Ill.2d 535, 539, 213 N.E.2d 278.) However, an allegation of ownership is not a jurisdictional defect since it is not a material element of the offense which must be alleged in a burglary indictment. (*People v. Campbell* (1968), 40 Ill.2d 463, 466, 240 N.E.2d 635.) Therefore, ownership is a formal defect and it was waived when the defendant entered his guilty plea to the burglary charge.

■■ Next, defendant alleges that the trial judge's failure to adhere to the provisions of Illinois Supreme Court Rule 402 by improperly admonishing the defendant, mandates a vacation of the guilty plea. In a recent decision[2] the Illinois Supreme Court laid down the following rule to be used by courts when reviewing alleged violations of Rule 402:

"Rule 402 does not require strict compliance but states that there must be *'substantial* compliance.' Not every failure to comply with the rule will justify reversal. [Citations.]" 59 Ill.2d 125, 129, 319 N.E.2d 507, 510.

We will now review defendant's contentions to determine if the trial court substantially complied with Rule 402. The defendant first complains about not being informed that he was entitled to a bench trial, or that he was entitled to be confronted with the witnesses against him. Supreme Court Rule 402(a)(4) provides:

"[T]hat if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

Rule 402(a)(4) does not require that the defendant be informed that he is entitled to a bench trial. However, the trial judge did inform the defendant of his right to a trial by jury, as required by the rule, and the defendant knowingly, intelligently, and voluntarily waived this right. Although our review of the record did not reveal that defendant was informed that he waived the right to be confronted with the witnesses

---

[2] *People v. Warship* (1974), 59 Ill.2d 125, 319 N.E.2d 507.

against him, we think, looking at the entire record, that the defendant was properly admonished and the trial court substantially complied with Rule 402(a)(4).

■■ The defendant's last contention is that he was not apprised of the elements of the offense of burglary. In *People v. Robinson* (1975), 25 Ill.App.3d 52, 322 N.E.2d 505, a decision recently handed down by this court, this issue is considered. In *Robinson* the indictment was not read to defendant; the factual basis for the plea was not read into the record by the prosecutor in the presence of defendant without objection, nor was the factual basis for the plea stipulated into the record by the prosecutor and defense counsel in the presence of defendant without objection. The trial judge simply stated twice in open court that defendant was charged with rape. *Robinson* holds that Supreme Court Rule 402(a)(1) is substantially complied with when the trial judge twice personally informed defendant in open court that he was charged with the offense of rape, and defendant replied that he understood that the indictment charged him with the offense of rape. In the instant case defendant was told that he was charged with burglary in open court. Furthermore, there was a factual basis for the plea since defendant's attorney stipulated to the prosecutor's proffered proof. Since there is no evidence that the plea of the defendant was not voluntary and no harm or prejudice has been demonstrated, we find that there was substantial compliance with Rule 402(a)(1).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.