THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK RAYNA, Defendant-Appellant.

(No. 61765;

First District (3rd Division)—October 2, 1975.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

The defendant, Frank Rayna, was convicted upon a plea of guilty of the crime of burglary and was placed on three years probation, with the condition that the first 180 days be served in the House of Correction. Rayna contends that in accepting his plea of guilty the trial court failed to comply with Supreme Court Rule 402(a)(2) (Ill. Rev. Stat., 1973, ch. 110A, par. 402(a)(2)).

The record reflects that when the defendant's case was called for trial his counsel, in his presence, informed the judge that the defendant wished to enter a plea of guilty to the charge of burglary. The judge read the information and the defendant stated that he understood the nature of the charge. The judge admonished the defendant as to the possible minimum and maximum sentences which could be imposed under the statute and advised him that he had a right to plead not guilty and that upon a plea of guilty there would not be a trial of any type. He was also advised that by entering a plea of guilty he would waive his

right to a trial by jury, his right to confront the witnesses against him, his right to cross-examine the witnesses who appeared against him and his right to present evidence in his own behalf. In response to the court's inquiry the defendant stated that no threats, force or coercion had been used to induce him to enter a plea of guilty and that he was satisfied with the representation he had received from his counsel. The facts which provided a basis for the indictment were stipulated to by the parties. The defendant persisted in his plea of guilty, which was then accepted by the court.

■■ The defendant's only argument on appeal is that the trial court failed to admonish him that the State would be allowed to present evidence at a hearing in aggravation and mitigation which could include his prior convictions. Supreme Court Rule 402(a)(2) states that the trial judge shall inform the defendant and determine that he understands:

> "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;"

In *People v. Porter* (1974), 22 Ill.App.3d 655, 318 N.E.2d 297 (abstract opinion), this court, in interpreting the above rule, rejected a contention similar to the one now made:

> "We are of the opinion that the language of Rule 402 concerning prior convictions is meant to apply to situations where the statute specifies a greater penalty for a second or subsequent offense and not the situation where, as in the present case, the defendant may receive an enhanced sentence due to material brought out at a pre-sentence hearing."

See also *People v. Warship* (1974), 59 Ill.2d 125, 319 N.E.2d 507.

■■ The admonishments by the trial court were sufficient to constitute substantial compliance with Supreme Court Rule 402. The court was under no duty to specifically admonish the defendant that a hearing in aggravation and mitigation would be held at which the State would be allowed to introduce evidence which might or could include evidence of prior convictions.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.