*In re* JEFFERY HAGGINS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JEFFERY HAGGINS, Respondent-Appellant.)

First District (4th Division) No. 61742

Opinion filed May 12, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Respondent, Jeffery Haggins, brings this appeal from an order of the Circuit Court, Juvenile Division, wherein he was adjudged to be a delinquent and was committed to the Department of Corrections. The order was entered pursuant to respondent's admission to the charge of battery.

The respondent raises the following issues: (1) whether Illinois Supreme Court Rule 402—rules on criminal proceedings for pleas of

guilty—is applicable to a juvenile delinquency hearing when an admission is made and (2) whether the trial court failed to substantially comply with Rule 402 in accepting the minor's admission.

The facts of the instant case are brief. On October 17, 1974, a petition for adjudication of wardship was filed alleging Jeffery Haggins, a 16-year-old minor, was delinquent in that he, on October 16, 1974, committed the offense of battery in that he knowingly and intentionally, without legal justification, made physical contact of an insulting nature with Cornell Delworth. On October 18, 1974 a hearing to determine delinquency was held. At that hearing the public defender stated to the court he had advised Haggins of his constitutional rights and the consequences of waiving those rights. The public defender then stated Jeffery was going to enter an admission to the petition which charged him with battery. After this statement was made the following colloquy took place between the court and the minor:

"THE COURT: You understand, Mr. Haggins, you admit to the offense of battery?

THE MINOR: Yes.

THE COURT: You understand what battery is, you struck somebody?

A: Yes.

THE COURT: Are you admitting it because it is true?

A: Yes.

&ast; &ast; &ast;

THE COURT: Can you tell me why you did this?

THE MINOR: We were talking at first, I guess he was going to hit me. I turned and hit him back. I caught him before he had a chance to hit me.

THE COURT: He did not hit you?

THE MINOR: He tried.

THE COURT: You caught him?

THE MINOR: Yes."

The court then accepted the admission. The minor was found delinquent and committed to the Department of Corrections.

Illinois Supreme Court Rule 402 provides, in pertinent part:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the minimum and maximum sentence prescribed by law &ast; &ast; &ast;.

(b) Determining Whether the Plea is Voluntary. The court shall

not accept a plea of guilty without first determining that the plea is voluntary * * * and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea.

(c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea * * *." Ill. Rev. Stat. 1973, ch. 110A, Rule 402.

We first consider the contention the court inadequately admonished respondent prior to acceptance of the admission. More particularly, respondent contends the court failed to determine whether his plea was voluntary, failed to determine whether there was a factual basis for the admission and neglected to inform him of the possible consequences of his admission.

■■ In regards to the issue of voluntariness, the record reveals the respondent's attorney informed the court he advised the respondent of his constitutional rights and the consequences of waiving those rights. Just after respondent personally entered his admission he further assured the court he knew what the crime of battery consisted of, and he was admitting to the charge because it was true. We are convinced the court satisfied its duty to determine whether the admission was entered voluntarily.

The next question considered is whether the court failed to determine whether there was a factual basis for the admission. The respondent urges this court to examine the question of factual basis in light of the respondent's statements, which arguably raise the affirmative defense of self-defense.

"THE COURT: Can you tell me why you did this?

THE MINOR: We were talking at first, I guess he was going to hit me. I turned and hit him back. I caught him before he had a chance to hit me.

THE COURT: He did not hit you?

THE MINOR: He tried."

Supreme Court Rule 402 does not speak directly to the issue of whether a judge may accept a plea of guilty where there is a factual basis for the plea but the defendant uncovers a possible affirmative defense.

■■ The requirement that the trial court be satisfied there is a factual basis for the plea before accepting a guilty plea does not compel the court to resolve all contradictory evidence in the case. The court need not be convinced beyond a reasonable doubt there is a factual basis for each element of the offense charged. We find the trial court in the case at bar did substantially comply with the requirement of Supreme Court Rule 402 that a determination be made there is a factual basis for the plea.

Lastly, we consider the question of whether the trial court failed to adequately inform the respondent of the possible consequences of his admission.

In *People v. Kranz* (1974), 58 Ill. 2d 187, 194-95, the Illinois Supreme Court expressly stated "Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial." The question becomes whether the respondent understood what punishment he could have received.

■■ Since the respondent had previously been committed to the Department of Corrections and since no claim is made that respondent, represented by counsel, was unaware of the possible punishment to which his conduct had exposed him, we hold the trial court properly accepted the respondent's admission.

In summary we find the trial court substantially complied with Rule 402 in accepting the minor-respondent's admission, whether required to or not. Although the question raised by the respondent of whether Rule 402 applies to juvenile proceedings has obvious importance, we do not believe the disposition of the instant appeal requires us to make that determination.

For the foregoing reasons, the judgment of the Juvenile Division Circuit Court is affirmed.

Affirmed.

JOHNSON, P. J., and BURMAN, J., concur.