THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOM EVANS, Defendant-Appellant.
Second District No. 78-506

Opinion filed September 27, 1979.—Supplemental opinion filed on denial of rehearing November 6, 1979.

Peter B. Nolte, of Berry and Berry, of Rockford, for appellant.

John W. Cox, Jr., State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:
Pursuant to plea negotiations, defendant, Tom Evans, pleaded guilty to the offense of deceptive practices (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d)) and was sentenced to six months' probation and to pay a fine of $500 and costs of $695.40. Thereafter, defendant filed a motion to withdraw his guilty plea. Following a hearing, the motion to withdraw was denied and defendant appeals.

On appeal, defendant contends that the State failed to establish a factual basis for his guilty plea. At the hearing on defendant's guilty plea, the prosecutor recited the following as a factual basis for the charge:

"State's Attorney: Your Honor if we were to go to trial in this matter I would call Dorothy Richards from the Tri-State Bank of

East Dubuque would testify that on the first day of December, 1976, the Defendant entered the Tri-State Bank of East Dubuque and came to her window there as a teller of the Tri-State Bank and placed with her a check which is—or copy of which is attached to the Complaint made out to the order of Tom Evans, signed as maker R. S. Fulton and drawn on the bank of Elk Grove Village, Elk Grove Village, Illinois. I would also call one Dorothy O'Neil who is an officer of the Tri-State Bank of East Dubuque who will testify that she made an investigation based on a request to her from Mrs. Richards that there may be some problem with this check, that she did discover from the bank of Elk Grove Village that the check in fact was not—would not be paid by the bank because the account had been closed for at that time approximately two years. I would also call at least one officer of the bank of Elk Grove Village in Elk Grove Village, Illinois, who would testify that on December 1, 1976, neither Tom Evans, R.S. Fulton nor Investment Properties, Inc., had any account with th[e] bank of Elk Grove Village and that in fact they did have an account which was closed approximately two years prior to that date. I would also call one Anita Heilmann who was also a teller at the Tri-State Bank of East Dubuque who would testify that on December 3, 1976, the Defendant returned to the Tri-State Bank of East Dubuque and did attempt to obtain traveler's checks by the use of the account he had opened on December 1 with the check that at that time would have already proven was not valid because the account had been closed. We would also call other witnesses, your Honor, if we were to go to trial as to the prior practices of the Defendant in that this type of occurance is not new, that he had in fact done this in prior instances and that of course that evidence would be solely as to his intent or motive in performing the acts he did perform there at the Tri-State Bank on December 1, 1976."

Following this recitation, the trial court inquired whether defendant would stipulate that those facts would be the evidence offered by the State if the case were to go to trial. Defendant indicated that he would so stipulate to those facts, except that there was no loss to Tri-State Bank, nor had there been any losses in the prior instances referred to by the prosecutor.

Section 17—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d)) provides that a person, with intent to defraud, commits a deceptive practice when:

"With intent to obtain control over property or to pay for property, labor or services of another he issues or delivers a check * * * knowing that it will not be paid by the depository. * * *""

The statute divides the offense into four separate, essential elements:

(1) An intent to defraud; (2) the making, drawing, uttering or delivering of a check, draft or order for the payment of money upon some bank or other depository; (3) the obtaining thereby from another of money, personal property or other valuable thing; and (4) knowledge of the maker or drawer at the time that he has not sufficient funds or credit with such bank or other depository for the payment of such check, draft or order upon presentation. *People v. Cundiff* (1973), 16 Ill. App. 3d 267, 305 N.E.2d 735.

■■ Supreme Court Rule 402(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(c)) provides:

> "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The rule requires that the trial court determine that the conduct which defendant admits constitutes the offense charged or an offense included therein to which the defendant has pleaded guilty. *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507.

Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered is prima facie evidence that the offender knows it will not be paid by the depository. (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d).) Here the State was prepared to introduce evidence that the account that the check had been drawn on had been closed for two years. However, the factual basis still does not establish that defendant possessed the intent to defraud.

It is true that the element of intent may be established by competent circumstantial evidence. (*People v. Warship.*) However, here all the adduced facts show is that defendant deposited a check made out to him by an R. S. Fulton, drawn on the account of Investment Properties, Inc., at the Bank of Elk Grove Village, and that two days later defendant attempted to obtain traveler's checks through the use of the account he had opened with the check. The State's evidence does not, in any way, indicate that defendant himself was aware that the account at the Bank of Elk Grove Village was closed. Nor did the State offer any evidence of a relationship between the defendant and R. S. Fulton or Investment Properties, Inc., from which it could be concluded that defendant would have been aware that the account was closed. A different situation would be presented, of course, if the account at the Bank of Elk Grove Village had belonged to defendant or a relationship between defendant and R. S. Fulton or Investment Properties, Inc., had been indicated by the evidence. In fact, defendant under these facts, appears to be nothing more than the innocent recipient of a worthless check. The State was also prepared to present evidence that defendant, in fact, had followed the same procedure in prior instances; however, the fact that defendant had followed the same procedures before, would not indicate an intent to defraud when under the same circumstances here we do not find that an intent to defraud was shown.

█ We conclude that the State failed to establish a factual basis for defendant's guilty plea. Therefore, defendant's conviction must be reversed and the case remanded to permit defendant to plead anew to the charge of deceptive practices. Deciding the case as we do, we need not reach the other contention raised by defendant.

Accordingly, we reverse and remand defendant's conviction for deceptive practices.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In its petition for rehearing, the State argues that the holding in *In re Haggins* (1976), 38 Ill. App. 3d 542, 348 N.E.2d 292, *aff'd* (1977), 67 Ill. 2d 102, 364 N.E.2d 54, mandates an affirmance of the trial court's judgment in this case. *Haggins* stands for the proposition that the trial judge need not be convinced *beyond a reasonable doubt* that there is a factual basis for each element of the offense charged. Our holding in the instant case is that under Supreme Court Rule 402(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(c)) the factual basis for a guilty plea must contain at least *some evidence* concerning each element of the charged offense. Thus we find nothing in the *Haggins* decision requires our granting a rehearing of this case.

Affirmed.

NASH and LINDBERG, JJ., concur.