THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY HEARD, Defendant-Appellant.

First District (1st Division)    No. 77-1779

Opinion filed May 5, 1980.

Ralph Ruebner and Susan Solovy, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown and Mark A. Graf, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Terry Heard's petition for post-conviction relief was dismissed on October 5, 1977. On appeal, defendant contends that the trial court erred in dismissing the petition without an evidentiary hearing.

We affirm.

Terry Heard was charged by indictment with murder and aggravated battery. On December 3, 1974, petitioner's initial plea of not guilty was withdrawn as a result of a conference between her attorney and the State, and she consequently entered a guilty plea to the charge of murder.

The court explained to petitioner the nature of and possible sentences for the charge. The court then stated that by pleading guilty to the charge, she automatically relinquished her right to be tried by a judge and jury. The nature of a jury trial was explained to Heard and she thereafter signed a jury waiver.

The parties stipulated to the facts of the offense. Defendant entered a plea of guilty and was found guilty. After hearing arguments in aggravation and mitigation, the court again discussed with defendant her decision to plead guilty. The following exchange took place:

"THE COURT: You understand you have pleaded guilty to the charge?

DEFENDANT HEARD: Yes.

THE COURT: There was a conference held. The State's Attorney offered that, and he said that you agreed and consented to the recommendation, and the Court concurred, 14 years, and not less than 14 years and one day. That was told to you too? You accepted it?

DEFENDANT HEARD: I understand what you are saying.

THE COURT: All right. You do accept it. That is what you want to do?

DEFENDANT HEARD: There wasn't no other choice.

THE COURT: There is a choice. You see, I told you here earlier you have a right to plead not guilty, and you have a right to have a trial, and you can have a determination by either the judge or jury.

DEFENDANT HEARD: I will go ahead."

Judgment was entered on the finding and defendant received a sentence of 14 years to 14 years and one day in the Illinois Department of Corrections. The charge of aggravated battery was stricken on motion of the State.

On February 19, 1976, defendant filed a *pro se* petition for post-conviction relief. On May 3, 1976, the State filed a motion to dismiss the petition to which was attached the transcript of the hearing at which defendant pleaded guilty. Counsel entered an appearance on behalf of defendant and filed an amended petition for post-conviction relief on October 5, 1977.

The amended petition alleged that Heard's guilty plea was not voluntarily and intelligently made because she was not adequately informed of her option to be tried by the judge. Attached to the amended petition was Heard's affidavit in which she stated that she never understood that she had a right to a bench trial and that, had she understood that right, she would not have pleaded guilty. After a hearing on the State's motion to dismiss the court granted the motion upon its finding that Heard was adequately informed of and understood her rights.

Defendant argues that the trial court failed adequately to inform her of her right to a bench trial. Therefore, she contends, an evidentiary hearing should have been held on her petition for post-conviction relief in order to determine whether she was, in fact, unaware of her right to a bench trial.

Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402) provides in part:

"In hearings of pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

❋ ❋ ❋

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

Rule 402(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)) requires admonishments so that a court may ascertain whether a defendant who pleads guilty does so voluntarily and understands the rights he waives by

entering such a plea. (*People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507.) In order to meet the requirements of this rule, only substantial compliance with the provisions is necessary. (*People v. Warship*; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559, citing *People v. Mendoza* (1971), 48 Ill. 2d 371, 270 N.E.2d 30.) Moreover, the rule does not specifically require that the court inform defendant that he is entitled to a bench trial; it merely states that defendant must be informed that if he pleads guilty, there will be no trial of any kind. See *People v. Reese* (1975), 29 Ill. App. 3d 568, 331 N.E.2d 316.

■■ Upon reviewing the record we are convinced that the trial court properly admonished petitioner regarding the consequences of her guilty plea thereby substantially complying with Rule 402(a). Petitioner was advised by the court both at the beginning and at the close of the hearing that she had a right to a trial and that she could have a determination by either the judge or a jury. Moreover, she was represented by counsel throughout the proceedings and continually expressed her understanding of the court's admonishments.

■■ The transcript of this hearing was attached to the State's motion to dismiss the petition for post-conviction relief. Therefore the trial court did not err in dismissing the petition without an evidentiary hearing since the transcript itself refuted the allegations in Heard's petition. *People v. Walker* (1972), 6 Ill. App. 3d 909, 286 N.E.2d 812.

For the foregoing reasons, we affirm the trial court's order dismissing Terry Heard's petition for post-conviction relief.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.