THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REGINALD WILLIAMS, Defendant-Appellant.

First District (2nd Division)   No. 1—91—0843

Opinion filed December 28, 1993.

Rita A. Fry, Public Defender, of Chicago (Henry L. Hams, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb, Latisha Foster, and George Stratton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DiVITO delivered the opinion of the court:

Following a bench trial, defendant Reginald Williams was convicted of burglary. (Ill. Rev. Stat. 1991, ch. 38, par. 19—1 (now codified as 720 ILCS 5/19—1 (West 1992)).) Thereafter, the circuit court sentenced him to a three-year period of probation and imposed a $3,000 fine. On appeal, defendant contends that the circuit court erred in denying his motion for judgment at the close of the State's case. He also contends that the court abused its discretion in imposing a fine in addition to the sentence of probation.

At trial, Chicago police officer Steven Rugowski testified that at 1 a.m. on July 29, 1990, he and his partner, Officer Vincent Morales, responded to a burglar alarm at Fine Fair Foods at 3357 West 16th Street in Chicago. There was a power outage in the area, and several people were in the vicinity of the store. He directed the squad car's spotlight toward the store entrance and saw defendant coming out of a window carrying a case of whiskey. When he ordered him to stop, defendant dropped the case of whiskey and ran. The officers chased defendant, threw him to the ground, and arrested him.

As Rugowski took defendant to the squad car, Morales went back to the store window. Rugowski then saw Morales point his gun into the window and heard him tell someone to drop whatever he had in his hands and step outside. Codefendant Turhan Gray then exited the store. As Morales tried to handcuff codefendant, the handcuffs fell to the ground and codefendant fled. Morales chased codefendant on foot, and Rugowski followed in the squad car. Morales apprehended codefendant while he was standing with a group of individuals on the corner.

Officer Morales testified that as the squad car approached the store, he saw codefendant come out of a window, pick up a case of whiskey, and begin to walk away. He and Rugowski arrested the individual and placed him in the squad car. He then went back to the window and saw another individual, whom he identified at trial as defendant, carrying a case of whiskey. He ordered him to drop the whiskey and exit the store. As he attempted to handcuff defendant, the handcuffs fell to the ground and defendant fled. He gave chase

and arrested him as he was standing in a group of people on the corner. Morales made an in-court identification of both defendant and codefendant as the men who were arrested. When asked specifically "which defendant did what[?]" Morales replied that the second individual "was the smaller of the two *** and if I'm not mistaken I believe it's the individual sitting at the far end of the table." The record indicates that that individual was defendant.

Bassam Salman, the store owner, testified that codefendant was his employee on the date of the incident, but that no one had been given permission to be in the store after it closed.

At the close of the State's evidence, the circuit court denied defendant's motion for acquittal, but granted codefendant's motion. Defendant then testified that he was 39 years old and had been employed as a sanitation engineer at the Merchandise Mart for the past five years. On the night of the incident, he was sitting in his truck watching people loot the food store. He then picked up a case of whiskey and started to walk away with it. Two police officers ordered him to stop and arrested him.

During closing argument, defense counsel stated that she "would be reiterating [her] motion for directed finding argument." In finding defendant guilty of burglary, the circuit court specifically stated that it believed Officer Rugowski's version of events.

At the sentencing hearing, the State argued in aggravation that defendant had received probation in 1969 and 1973 for possession of controlled substances, and that he had a Federal conviction for delivery of heroin in 1976. Defense counsel argued in mitigation that defendant was employed and that 14 years had passed since his last conviction. The presentence investigation report indicated that defendant was able to meet his financial obligations and earned approximately $1,800 per month. The circuit court stated that it considered all evidence and arguments presented at the hearing, including "the financial situation of this defendant," and sentenced him to a three-year period of probation. The court also ordered him to pay a $3,000 fine to be paid at the rate of $100 per month for 30 months. This appeal followed.

■ Defendant first contends that the circuit court erred in denying his motion for a "directed finding" at the close of the State's evidence. He argues that the testimony of the arresting officers was conflicting and that, without his own testimony, the evidence was insufficient to establish his identity as the offender.

We note in passing that while section 115—4(k) of the Code of Criminal Procedure of 1963 authorizes a defendant in a trial held before a jury to move for a directed verdict at the close of the State's

case (Ill. Rev. Stat. 1991, ch. 38, par. 115—4(k) (now codified as 725 ILCS 5/115—4(k) (West 1992))), the statute provides for a "finding" at the close of the State's case in a bench trial. See *People v. Davilla* (1992), 236 Ill. App. 3d 367, 373 n.3, 603 N.E.2d 666 (noting the common but mistaken "notion that a trial judge may 'direct' himself to make a 'finding' at the request of a litigant").

In any case, the circuit court here committed no error in denying the motion. The conflicting testimony of Rugowski and Morales alone did not render the evidence insufficient to support a conviction. At trial, both officers identified both defendant and codefendant as individuals who took merchandise from the store. The officers' testimony differed only insofar as the actions ascribed to each defendant. Moreover, in making its finding of guilt, the circuit court expressly stated that it believed the testimony of Officer Rugowski. By doing so, the circuit court acted within its broad authority as trier of fact in resolving the conflicting testimony. (See *People v. Harris* (1991), 220 Ill. App. 3d 848, 863, 580 N.E.2d 1342.) Accordingly, we find no basis for reversal.

■ Defendant also contends that the circuit court abused its discretion in imposing a $3,000 fine in light of the fact that defendant was indigent and represented by the public defender.

Sections 5—9—1(a) and (b) of the Unified Code of Corrections authorize the imposition of a fine in addition to a sentence of probation. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—9—1(a), (b) (now codified as 730 ILCS 5/5—9—1(a), (b) (West 1992)).) Among the factors which a court must consider are the financial resources and future ability of the offender to pay the fine. Ill. Rev. Stat. 1991, ch. 38, par. 1005—9—1(d)(1) (now codified as 730 ILCS 5/5—9—1(d)(1) (West 1992)).

The record shows that the circuit court expressly considered defendant's financial resources and his ability to pay the fine. Defendant testified that he had been employed at the same job for five years, and the presentence investigation report indicated that he earned approximately $1,800 per month. Accordingly, we find no abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.