UNITED STATES of America ex rel. Eddie JONES, Petitioner,

v.

Rodney TALLY, Warden, Shawnee Correctional Center, Respondent.

No. 98 C 2242.

United States District Court, N.D. Illinois, Eastern Division.

April 8, 1999.

Eddie Jones, Vienna, IL, pro se.

David Harris Iskowich, William Lloyd Browers, Illinois Attorney General's Office, Chicago, IL, for Rod Tally, respondent.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner Eddie Jones filed a 28 U.S.C. § 2254 petition for Writ of Habeas Corpus challenging his conviction for burglary. He also moved for appointment of counsel. For the reasons set forth below, the petition and motion are denied.

### Background

Following a bench trial in the Circuit Court of Cook County, Illinois, Mr. Jones was found guilty on June 1, 1994, of one count of residential burglary and was sentenced to four years in prison, his sentence to be consecutive to an eleven-year sentence which he was currently serving. He appealed his conviction, raising two claims: (1) insufficient evidence to prove his guilt beyond a reasonable doubt,[1] and (2) bias on the part of the trial judge. On April 30, 1997, the Illinois appellate court affirmed. Mr. Jones, acting *pro se,* then filed a petition for leave to appeal to the Illinois Supreme Court, arguing only the insufficient evidence claim.[2] That petition was denied on February 4, 1998.

On March 19, 1998, Mr. Jones, again acting *pro se,* filed this habeas corpus petition, arguing the same sufficiency-of-the-evidence claim.[3] Mr. Tally concedes Mr. Jones has exhausted all his available state remedies and that his federal habeas issues were presented on direct review to the Illinois appellate court, thus avoiding procedural default. (Answer to Pet. for Writ of Habeas Corpus at 4–5); *see Cas-*

---

**1.** Mr. Jones actually lists three issues in his direct appeal, but the first two (insufficient evidence to prove entry or intent) are elements of his main argument that there was insufficient evidence to prove him guilty of burglary.

**2.** In his petition for leave to appeal to the Illinois Supreme Court, Mr. Jones presented three grounds: (1) insufficient evidence to prove entry or intent, (2) the appellate court's failure to apply the proper standard of review, (3) and the appellate court's failure properly to weigh discrepancies in testimony. The second ground is actually a restatement of the

first, (Pet. for Leave to Appeal at 6), and the third is a constituent part of the first.

**3.** The three grounds listed in Mr. Jones' habeas petition are essentially the same as those in his petition for leave to appeal to the Illinois Supreme Court. Hence, the same observation applies: the second is a restatement of the first, and the third (which makes no mention of the appellate court) is a component of the first. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*pro se* complaint held to less stringent standards than pleadings drafted by lawyers).

*tille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380. (1989); *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991).

### Insufficient Evidence

Mr. Jones claims the state did not prove him guilty beyond a reasonable doubt of two elements of burglary, entry and intent. Under Illinois law, "[a] person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19–3(a). Mr. Jones asserts the state's eyewitness, Walter Ward, never testified he saw Mr. Jones inside the victim's residence. Mr. Jones also contends there was insufficient evidence to establish his intent, especially considering the contrary evidence he presented. Mr. Jones testified that until he and codefendant Richard Allen[4] were stopped by the police, he was unaware of any wrongdoing. *People v. Jones,* No. 1–95–1391, at 4 (Ill.App.Ct. 1st Dist.1997) (unpublished order). Instead, he said he thought he was helping Mr. Allen move a television set and a videocassette recorder ("VCR") from Mr. Allen's aunt's home. *Id.*

Under Illinois law, the elements of burglary can be proved by circumstantial evidence. *People v. Richardson,* 104 Ill.2d 8, 13, 470 N.E.2d 1024, 1027, 83 Ill.Dec. 604, 607 (1984); *People v. Blakeney,* 59 Ill.App.3d 119, 123, 375 N.E.2d 1309, 1313, 17 Ill.Dec. 25, 29 (1978); *People v. Cokley,* 45 Ill.App.3d 888, 890, 360 N.E.2d 545, 547, 4 Ill.Dec. 609, 611 (1977). The Illinois appellate court looked at that evidence, noting that Mr. Ward testified it was Mr. Jones he saw in the victim's yard the day of the burglary carrying two garbage bags, one of which contained videotapes. *Jones,* No. 1–95–1391, at 2. Mr. Ward also testified Mr. Jones told him he was the victim's cousin but identified him by an incorrect name. *Id.* Mr. Ward said he later saw Mr. Jones putting the plastic garbage bags in a car parked in the alley behind the victim's home. *Id.* at 2–3. Mr. Ward testified that the car, driven by Mr. Allen, then left and Mr. Ward followed in his van, alerting police he saw during the pursuit. *Id.* at 3. Officer Hootan Bahmandeji testified that after a short pursuit the vehicle, driven by Mr. Jones and not Mr. Allen, stopped, and Mr. Jones and Mr. Allen fled on foot. *Id.* They were apprehended, and police recovered from their car two garbage bags containing a television set and two VCRs. *Id.* The victim had reported that a television set and two VCRs were among the items stolen in the burglary. *Id.* at 1–2.

The appellate court also looked at contrary evidence, including Mr. Jones' assertion (corroborated by Officer Bahmandeji) that Mr. Jones, not Mr. Allen, was the driver of the car. *Id.* at 4. The court also noted Mr. Allen's testimony that he had entered the victim's home and loaded items into garbage bags, and that he was the one Mr. Ward confronted in the victim's yard carrying the bags. *Id.* at 3. However, the court observed it is the role of the trier of fact to resolve conflicting testimony. *Jones,* No. 1–95–1391, at 6; *People v. Williams,* 256 Ill.App.3d 370, 373, 628 N.E.2d 897, 899, 195 Ill.Dec. 433, 435 (1993); *People v. Rivera,* 255 Ill. App.3d 1015, 1023, 627 N.E.2d 294, 299, 194 Ill.Dec. 178, 183 (1993).

In affirming Mr. Jones' conviction, the appellate court applied the proper standard of review. It held that a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found Mr. Jones guilty of burglary beyond a reasonable doubt. *Jones,* No. 1–95–1391, at 6; *see People v. Smith,* 278 Ill.App.3d 343, 355, 662 N.E.2d 480, 488, 214 Ill.Dec. 914, 922 (1996) (citations omitted). That standard is taken from *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which states the critical inquiry for review of a suffi-

---

4. Mr. Allen pleaded guilty to the October 5, 1993 burglary on February 3, 1994. He testi-

fied at Mr. Jones' trial that he never informed Mr. Jones they were burglarizing a home.

ciency-of-evidence claim. *Id.* at 318–19, 99 S.Ct. 2781. The appellate court decision therefore was not contrary to clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Neither did it involve an unreasonable application of that law. *Id.; see Lindh v. Murphy,* 96 F.3d 856, 870–71, 876–77 (7th Cir.1996) (en banc), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). In addition, there is no indication the decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Hence, Mr. Jones' habeas petition is denied.

### Conclusion

For the foregoing reasons, Mr. Jones' petition for Writ of Habeas Corpus is denied. His motion for appointment of counsel is denied as moot.